### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN OTERO <br> 25 Hope Street <br> Phillipsburg NJ 08865 <br>    Plaintiff, <br>  v. <br><br> HERCULES SERVICES, LLC, d/b/a <br> MR. HANDYMAN OF LEHIGH VALLEY <br> 2484 Birch Street <br> Easton, PA 18042 <br>   and <br> LON ZEIGLER, *individually* <br> 2484 Birch Street <br> Easton, PA 18042 <br><br>    Defendants. | CIVIL ACTION <br><br> No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Edwin Otero (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that he was not paid wages or overtime compensation in accordance with applicable state and federal laws. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of

operative facts as Plaintiff's federal claim(s) set forth in this lawsuit. Separately, there would lie diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Hercules Services, LLC, d/b/a Mr. Handyman of Lehigh Valley ("Defendant HS – LLC" where referred to individually) is a domestic, for-profit corporation headquartered at the above-captioned address. This entity hires individuals to work on a part-time or full-time employment basis wherein they provide service calls within Eastern Pennsylvania to engage in residential and commercial furniture assembly, cleaning solutions, installation of mechanical devices, general repairs, deck and patio construction, electrical work, and a host of other interior and exterior repair, replacement, installation or construction services.

8. Lon Zeigler (hereinafter "Defendant Zeigler" where referred to individually) is a Principal and President of Defendant HS - LLC. He is responsible for hiring, employee classification, all employment terms and conditions such as payroll, and terminations.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendants effective on or about March 12, 2020; and in total, Plaintiff was employed with Defendants for approximately 1.5 years.

12. Upon hire and throughout his employment, Plaintiff was referred to *as a contractor* wherein Plaintiff was not subject to withholdings or typical employee payroll.

13. While Defendants may have as matter of format elected to pay Plaintiff (and other employees) as an independent contractor, Plaintiff was transparently an "employee" and intentionally misclassified by Defendants so that they could avoid state and federal taxation (as well as other employee withholdings or contributions).

14. To clarify Plaintiff's "employee" status and solely by way of examples, Plaintiff:

  (a) Plaintiff worked full time and exclusively for Defendants;

  (b) Plaintiff did not create his own schedule and handled every assignment and job to which he was dispatched by Defendants;

  (c) Plaintiff had to wear a uniform of Defendants representing he was employed by Defendants;

  (d) Plaintiff utilized a corporate truck;

3

(e) Plaintiff did not submit invoices, operate his own business, and instead, was just paid an hourly rate as would be paid to any employee; and

(f) Plaintiff was required to follow company policies, directives, and orders of his management hierarchy within Defendants.

15. Plaintiff was an "employee" in every respect; but as stated *supra*, was intentionally misclassified. There is no reasonable argument to the contrary that Plaintiff was somehow a "independent contractor."

16. Plaintiff was employed by Defendants in a position referred to as Field Technician (which is an employment role) wherein he went from customer to customer (as assigned or dispatched by Defendants) performing manual labor, repairs, and construction. Toward the end of Plaintiff's employment tenure, he was primarily swapping toilets and performing various renovations (but always performed any labor requested of him).

17. During Plaintiff's approximate 1.5 years of employment, he was paid from $30.00 - $33.00 per hour (given gradual raises consistent with that of an employee).

18. While there were some weeks in which Plaintiff worked under 40 hours, those weeks were very rare. In most weeks, Plaintiff worked from 45 – 60 hours per week (and most commonly <u>above</u> 50 hours per week).

19. Plaintiff regularly noticed that he was not paid for all hours worked. For example, he might be *paid for* 45 hours wherein he had actually worked 48 hours in a particular week. When Plaintiff would raise such concerns of skimming, his overall pay shortages were not remedied. Thus, Plaintiff <u>was not</u> paid for all minutes or hours actually worked.

20. In addition to Plaintiff not being paid for all minutes or hours worked, Plaintiff was <u>never</u> paid at a rate of time and one half *for overtime hours*. Thus, he was never paid overtime compensation for any hours beyond 40 hours per week. Instead, Plaintiff was paid at

4

what is commonly referred to as "straight time" - - his hourly rate regardless of how many hours worked.

21.     Between minute / hour shortages and non-payment of overtime (both in violation of state and federal law(s)), Plaintiff was typically not paid at least $200.00 per week in compensation remaining owed to him.

22.     Plaintiff is owed at least $15,000.00 - $20,000.00 in unpaid compensation. These unpaid wages are <u>automatically</u> doubled pursuant to statutorily required liquidated damages.[1]

23.     Defendant Zeigler is personally liable as to his own individual assets for all claims asserted in this lawsuit because: (1) he oversaw compensation of employees; (2) intentionally perpetuated false and deceitful practices with respect to payroll; and (3) knowingly violated many wage laws (state and federal).[2]

24.     In furtherance of its scheme to defraud employees, avoid state and federal taxation, and to conceal the compensatory structure and nonpayment of all wages or overtime,

---

[1] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, **they are considered the norm** and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[2] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages or adverse actions under the FLSA are appropriate defendants under the FLSA and may be individually liable for such violations).

Defendants refused to let Plaintiff or others track their time, punch in or out, or to have any meaningful timekeeping system. This was to enable wholesale falsification as outlined above.[3]

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime)**
**- Against All Defendants -**

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was not properly paid for his overtime compensation while in the employ of Defendants.

27. Such actions as aforesaid constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute indefensible violations of the Pennsylvania Minimum Wage Act ("PMWA").

### Count III
### Violations of the Pennsylvania Wage Payment & Collection Law(s)
**(Failure to Pay All Owed Wages)**
**- Against All Defendants -**

---

[3] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was not paid for all minutes / hours worked, and such actions constitute violations of the Pennsylvania Wage Payment & Collection Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law;

D. Plaintiff is to be accorded other equitable or legal relief as the Court deems just, proper, and appropriate (or as permitted by statute(s));

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 28, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Edwin Otero : CIVIL ACTION
v. :
Hercules Services, LLC, d/b/a Mr. Handyman of Lehigh Valley, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/29/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 25 Hope Street, Phillipsburg, NJ 08865

Address of Defendant: 2484 Birch Street, Easton, PA 18042

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/29/2022  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [X] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/29/2022  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OTERO, EDWIN

**DEFENDANTS**
HERCULES SERVICES, LLC, D/B/A MR. HANDYMAN OF LEHIGH VALLEY, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Warren
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | X 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | / 550 Civil Rights | | | |
| | 448 Education / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/29/2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____